IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY BROWN and CLAUDE
BROWN,

        Plaintiff,

  v.

WAL-MART STORES EAST, LP
and JOHN DOE,

        Defendants.

1:16-cv-111-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Defendant") Motion to Continue Protection [59], seeking to redact or keep under seal certain documents and portions of documents. Also before the Court is Plaintiffs Mary Brown and Claude Brown's ("Plaintiffs") Motion for Continued Protective Status [56], seeking the same protection for certain of the same documents.

**I.     BACKGROUND**

This case arises out of a slip-and-fall incident on December 29, 2013, at a Wal-Mart store. An unknown customer hit a shampoo display with her shopping cart, knocking at least two shampoo bottles onto the floor. Plaintiff Mary Brown

fell in the spilled shampoo a few minutes later.

On December 28, 2015, Plaintiffs filed their Complaint [1.2] in the State Court of Cobb County, Georgia.  Plaintiff Mary Brown asserts a claim for premises liability, Plaintiff Claude Brown asserts a claim for loss of consortium, and both Plaintiffs seek attorneys' fees and costs.  On January 13, 2016, Defendant filed its Notice of Removal [1].  On July 20, 2016, the Court issued its Protective Order [39] "for the purpose of protecting [Defendant's] commercial trade secrets and other confidential business information."  ([39] at 1).  The Protective Order permits the party who designates information as protected to file a motion to continue its protected status.

On August 8, 2016, Defendant filed its Motion for Summary Judgment [40]. On August 29, 2016, Plaintiffs filed their Response to Defendant Wal-Mart Stores, East, LP's Motion for Summary Judgment [50] ("Response"), describing and attaching copies of Defendant's policies and procedures concerning floor safety, floor inspections and customer incidents.  On September 9, 2016, Defendant filed its Reply Brief in Support of Defendant's Motion for Summary Judgment [57] ("Reply"), responding to Plaintiffs' arguments and discussing its safety policies and procedures.

On September 8, 2016, Plaintiffs filed their Motion for Continued Protective

2

Status, seeking to continue the protective status of Plaintiffs' Response because it references, and attaches copies of, materials designated by Defendant as confidential. On September 22, 2016, Defendant filed its Motion to Continue Protection, seeking to redact portions of the Response and Reply briefs ("Brief Portions"), and to keep under seal two exhibits ("Exhibits")—docket entries 50.5 and 50.6—attached to Plaintiffs' Response brief. These Exhibits and Brief Portions describe Defendant's internal safety policies and procedures for preventing accidents. On September 22, 2016, Defendant delivered, to the Court, hard copies of its proposed redactions to the Response and Reply briefs. The redactions are limited to discussions of Defendant's safety policies and procedures.

## II.     DISCUSSION

Defendant argues that the Exhibits and Brief Portions should be protected as an exception to the common law right of access to judicial proceedings. (See [59.1] at 3-8). Under federal common law, there is a presumption that judicial records are public documents. See Nixon v. Warner Commun., Inc., 435 U.S. 589, 597 (1978); Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001). The public's common law right of access is not absolute, however, and "may be overcome by a showing of good cause." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). "[W]hether

good cause exists . . . is . . . decided by the nature and character of the information in question." Id. at 1246 (quoting Chicago Tribune, 263 F.3d at 1315).  Courts deciding whether to seal documents must balance "the public interest in accessing court documents against a party's interest in keeping the information confidential." Id.  In balancing these interests, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

Fundamental to the Court's requirement of continued protection is that a party must seek the Court's approval to maintain the confidentiality of materials upon which any party relies in publicly filed motions presented to the Court.  See Local Rules, NDGa, Appendix H, ¶ II(J).  Public disclosure of evidence upon which the parties and the Court rely in resolving a motion is important to the public's understanding of judicial decision-making and reasoning.  See Chicago Tribune, 263 F.3d at 1311 ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.").

Defendant argues that the Exhibits and Brief Portions should be protected, even though submitted in support of and in opposition to a dispositive motion pending before the Court, because they constitute trade secrets and are proprietary, innovative, critical to Defendant's operations, and their disclosure "would affect Wal-Mart's ability to provide its merchandise to the public in a safe environment while providing low prices."  ([59.1] at 5-6).  Defendant does not specifically explain why its information concerning store safety is commercially sensitive or proprietary, or how its disclosure would meaningfully harm Defendant's interests.  Cf. 8A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2043 (3d ed. Apr. 2016 Update) ("As with any protective–order motion, the showing should be made with appropriate specifics.").  "Defendant has made a generalized claim that disclosure of its safety policies and procedures will result in harm if the public obtains access to them.  That harm could apply to all businesses that develop policies and procedures.  If the court were to issue a protective order based upon such a generalized showing, the general principle of open access that underlies the judicial system would be eviscerated."  Braack v. Home Depot U.S.A., Inc., No. 07-cv-5003, 2007 WL 2156371, at *4 (W.D. Wash. July 23, 2007).  Defendant's "stereotyped and conclusory statements" are "speculative" and "do not establish good cause" to override the public's right of access.  Romero, 480

F.3d at 1247-48 (11th Cir. 2007). The public's right of access is particularly strong here because the information sought to be protected—Defendant's safety policies—could be central to the merits of Plaintiff's premises liability claim. (See [50]); cf. id. at 1246 ("[D]ecisions less central to merits resolutions implicate lesser right-to-access considerations.").[1]

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores East, LP's Motion to Continue Protection [59] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Mary Brown and Claude Brown's Motion for Continued Protective Status [56] is **DENIED**.

**SO ORDERED** this 27th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' Motion for Continued Protective Status also is denied for the same reasons.