**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MARY BROWN and CLAUDE BROWN,** | |
| **Plaintiffs,** | |
| **v.** | **1:16-cv-111-WSD** |
| **WAL-MART STORES EAST, LP, and JOHN DOE,** | |
| **Defendants.** | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant Wal-Mart Stores East, LP's

("Defendant") Motion for Summary Judgment [40].

# I.     BACKGROUND[1]

## A.     Plaintiff Mary Brown's Slip and Fall

On the evening of December 29, 2013, Plaintiff Mary Brown ("Plaintiff Mary") was shopping inside a Wal-Mart store ("Wal-Mart") operated by Defendant.  (DSMF ¶ 1).  At 6:09:52 p.m., an unknown Wal-Mart customer hit a shampoo display with her shopping cart, knocking shampoo bottles onto the floor.  (DSMF ¶ 2; [42] ¶ 9; [42] at 8-10).  The bottles broke and spilled shampoo on the floor in front of the display.  (DSMF ¶ 2).  Four (4) minutes and sixteen (16) seconds later, at 6:14:08 p.m., Plaintiff Mary slipped on the spilled shampoo and fell.  (DSMF ¶ 4; [42] ¶ 9; [42] at 14-15).  From the time that the spill occurred through the time that Plaintiff Mary fell, there were no Wal-Mart employees in the

---

[1]     Plaintiffs' Response to Defendant's Statement of Material Facts [50.1] ("DSMF Resp.") purports to dispute, but does not "directly refute[]," several of the facts asserted in Defendant's Statement of Material Facts [41] ("DSMF"). LR 56.1(B)(2)(a)(2)(ii), NDGa.  Pursuant to Local Rule 56.1, the Court deems each of these facts as admitted.  See LR 56.1(B)(2)(a)(1) ("This Court will deem each of the movant's facts as admitted unless the respondent . . . directly refutes the movant's fact.").  Plaintiffs also make several factual assertions in the body of their response brief that are not included in Plaintiffs' Response to Defendant's Statement of Material Facts or in Plaintiffs' Statement of Additional Material Facts [50.3].  The Court disregards these assertions because they do not comply with Local Rule 56.1.  See LR 56.1(B)(1)-(2) (stating that the court will not consider any fact "set out only in the brief"); Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008) (stating that compliance with Local Rule 56.1 is the "only permissible way . . . to establish a genuine issue of material fact").

immediate vicinity of the shampoo.  (DSMF ¶¶ 7-8; see also [40.3] ¶¶ 9-10; [42] ¶ 20).

      B.    Defendant's Safety Policies and Procedures

Defendant has adopted policies and procedures to "keep[] [its store] aisles clean and free of foreign substances."  (DSMF ¶ 9).  These policies and procedures were in place on December 29, 2013, when Plaintiff Mary slipped and fell. (DSMF ¶ 9).  All Wal-Mart employees are required to "constantly" conduct "safety sweeps," meaning they must "visually scan the area they [are] working in to ensure the floor [is] clean and clear of any hazards to customers."  (DSMF ¶ 10; [53] at 71-72).  The employees carry towels in their pockets, and are required to immediately remove any hazards that they see.  (DSMF ¶ 10; [53] at 71).  If the hazard cannot be removed immediately, the employees must "guard" the hazard until it can be addressed safely.  (DSMF ¶ 10).  Maintenance employees also are required to sweep the floors, with a broom, "at all times" throughout the day. (DSMF ¶ 11; [53] at 49-50, 72).  During the "strategic hours" of 11 a.m. through 8 p.m., the maintenance employees sweep the aisles with increased regularity. (DSMF ¶ 11; [53] at 49, 72).

Jeremy Sanders-Winder ("Sanders-Winder") is Wal-Mart's Safety Team Leader.  (DSMF ¶ 12).  In December 2013, he "held safety training meetings for

3

store associates on [customer safety] topics three times a week."  ([40.2] ¶ 3).

Sanders-Winder followed Defendant's safety procedures on December 29, 2013.

(DSMF ¶12; [40.2] ¶ 6).  From 12 p.m. through 9 p.m., he inspected Wal-Mart's

"Front End where the cashiers are located, the main front aisle [where the shampoo

was spilled], and the electronics department in the rear."  ([40.2] ¶ 6; DSMF

¶¶ 12-13).  He "visually inspected [these areas] for spills, debris or any foreign

substance which could pose a slip, trip or fall hazard."  (DSMF ¶¶ 12-13; see

[40.2] ¶¶ 6-7).  He did not see the spilled shampoo on which Plaintiff Mary

slipped.  (DSMF ¶ 13).[2]

C.    Procedural History

On December 28, 2015, Plaintiffs filed their Complaint [1.2] in the State

Court of Cobb County, Georgia.  Plaintiff Mary asserts a claim for premises

liability, her husband, Plaintiff Claude Brown ("Plaintiff Claude"), asserts a claim

---

[2]    Plaintiffs state that Defendant's Asset Protection Office ("APO") "watch and monitor the multiple monitors presenting live video feed from the surveillance cameras of the store."  (DSMF Resp. ¶¶ 8-13).  The extent to which the APO monitors this video feed, and exactly which areas of Wal-Mart are videoed and streamed to the APO, and when, is unclear.  (See, e.g., [53] at 91-99).  There is no evidence that Plaintiff Mary's accident was, or should have been, streamed live to the APO.  There is no evidence that the APO was required to, or did, watch the accident in real time.  Wal-Mart's APO Manager, Aleron Morton, stated he did not witness Plaintiff Mary's fall on December 29, 2013.  ([42] ¶ 6).  Wal-Mart's Assistant Manager, James Provost, testified that the APO reviews video footage after an accident.  ([53] at 91-93).

4

for loss of consortium, and both Plaintiffs seek attorney's fees and costs under O.C.G.A § 13-6-11.  On January 13, 2016, Defendant filed its Notice of Removal [1], removing this action from state court.  On August 8, 2016, Defendant filed its Motion for Summary Judgment, seeking summary judgment on all of Plaintiffs' claims.

## II.   LEGAL STANDARD

"Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Ahmed v. Air France-KLM, 165 F. Supp. 3d 1302, 1309 (N.D. Ga. 2016); see Fed. R. Civ. P. 56.  "An issue of fact is material if it 'might affect the outcome of the suit under the governing law.'"  W. Grp. Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1360 (11th Cir. 1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "An issue of fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Id. at 1361 (quoting Anderson, 477 U.S. at 248).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying [materials] which it believes demonstrate the absence of a genuine issue of material fact."

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The movant[] can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof." Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1281-82 (11th Cir. 1999). The moving party need not "support its motion with affidavits or other similar materials *negating* the opponent's claim."  Celotex, 477 U.S. at 323.  Once the moving party has met its initial burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham, 193 F.3d at 1282.  The nonmoving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings."  Id.  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson, 477 U.S. at 247-48.

"If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted."  Apcoa, Inc. v. Fid. Nat. Bank, 906 F.2d 610, 611 (11th Cir. 1990) (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 250).  The party opposing

6

summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) (internal quotation marks omitted) (quoting <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986)).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  <u>Id.</u>  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  <u>Id.</u>  "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury."  <u>Graham</u>, 193 F.3d at 1282.  "The nonmovant need not be given the benefit of every inference but only of every reasonable inference."  <u>Id.</u>

> Rule 56(c) mandates the entry of summary judgment, after adequate
> time for discovery and upon motion, against a party who fails to make
> a showing sufficient to establish the existence of an element essential
> to that party's case, and on which that party will bear the burden of
> proof at trial.  In such a situation, there can be "no genuine issue as to
> any material fact," since a complete failure of proof concerning an
> essential element of the nonmoving party's case necessarily renders
> all other facts immaterial.

Celotex, 477 U.S. at 322-23; see Freeman v. JPMorgan Chase Bank N.A., -- Fed.

App'x --, 2017 WL 128002, at *4 (11th Cir. Jan. 13, 2017) (same);

Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1247 (11th Cir. 1999) ("If the

non-movant in a summary judgment action fails to adduce evidence which would

be sufficient, when viewed in a light most favorable to the non-movant, to support

a jury finding for the non-movant, summary judgment may be granted."); cf.

Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (a party

is entitled to summary judgment if "the facts and inferences point overwhelmingly

in favor of the moving party, such that reasonable people could not arrive at a

contrary verdict" (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526

(11th Cir. 1997) (internal quotation marks omitted))).

## III.   DISCUSSION

### A.   Plaintiff Mary Brown's Slip-and-Fall Claim

"[I]n order to recover for injuries sustained in a slip-and-fall action, an

invitee must prove (1) that the defendant had actual or constructive knowledge of

the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the

exercise of ordinary care due to actions or conditions within the control of the

owner/occupier." Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997); see

Am. Multi-Cinema, Inc. v. Brown, 679 S.E.2d 25, 28 (Ga. 2009) ("The plaintiff

must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control."). "The fundamental basis for a defendant's liability is that party's superior knowledge of the hazard encountered by the plaintiff." Brown v. Host/Taco Joint Venture, 699 S.E.2d 439, 442 (Ga. Ct. App. 2010). "The mere existence of a dangerous condition does not render the proprietor liable, for the proprietor is not a guarantor of the invitee's safety." Id. at 443.

Plaintiffs do not argue, and the evidence does not show, that Defendant had actual knowledge of the spilled shampoo at the time of the accident. Thus, Plaintiff Mary's premises liability claim hinges on whether Defendant had constructive knowledge of the hazard.

> A plaintiff can prove the owner's constructive knowledge of the hazard by showing: (1) that an employee of the owner was in the immediate area of the hazard and could have easily seen the hazard and removed it prior to the slip and fall, or (2) that the hazard had existed on the premises for a sufficient length of time that it should have been discovered and removed if the owner had exercised ordinary care to inspect the premises to keep it safe.

Youngblood v. All Am. Quality Foods, Inc., 792 S.E.2d 417, 419 (Ga. Ct. App. 2016); see Flanagan v. Quiktrip Corp., No. 1:13-cv-3836, 2015 WL 3472957, at *3

(N.D. Ga. June 1, 2015); Brown, 699 S.E.2d at 442; Wallace v. Wal-Mart Stores, Inc., 612 S.E.2d 528, 530 (Ga. Ct. App. 2005); Matthews v. The Varsity, Inc., 546 S.E.2d 878, 880 (Ga. Ct. App. 2001).

Plaintiffs fail to establish constructive knowledge under this standard. The parties agree, and the evidence shows, that "there were no employees in the vicinity of the [shampoo spill], either before or immediately after the fall." ([50] at 2, 4, 7-8; see [43.1] at 115; [40.3] ¶¶ 9-10). Even if an employee was nearby, "[i]nasmuch as the purported hazard was not readily visible to [Plaintiff Mary], she did not establish that [a Wal-Mart] employee . . . could have easily seen and removed it." Matthews v. The Varsity, Inc., 546 S.E.2d 878, 880 (Ga. Ct. App. 2001).

The undisputed evidence also shows that Plaintiff Mary slipped only four (4) minutes and sixteen (16) seconds after the shampoo was spilled. This is insufficient to establish Defendant's constructive knowledge of the spill. See Kroger Co. v. Williams, 617 S.E.2d 160, 162-63 (Ga. Ct. App. 2005) ("Given the short amount of time [(five minutes)] the bean was actually on the floor, Williams, as a matter of law, cannot show that even if Kroger employees had exercised reasonable care in inspecting and cleaning the premises, they would have discovered the bean on the floor before her fall."); Moore v. Winn-Dixie Stores,

<u>Inc.</u>, 454 S.E.2d 532, 532 (Ga. Ct. App. 1995) ("Where it appears a foreign object had not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it.").[3] Plaintiffs have not shown that an employee was in the immediate area of the spilled shampoo and could easily have seen and removed it, or that the shampoo was on the floor for long enough that it should have been discovered and removed before Plaintiff Mary's fall.

"Constructive knowledge [also] may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must

---

[3]     <u>See also</u> <u>Hardee's Food Sys., Inc. v. Green</u>, 502 S.E.2d 738, 741 (Ga. Ct. App. 1998) (reversing denial of summary judgment for defendant, including because "Green submitted no evidence that the grease was on the floor for any length of time"); <u>Haskins v. Piggly Wiggly S., Inc.</u>, 496 S.E.2d 471, 473 (Ga. Ct. App. 1998) (affirming summary judgment for defendant because "Haskins failed to offer any evidence even suggesting that the foreign substance was present for a sufficient time for knowledge of its presence to be imputed to Piggly Wiggly"); <u>Hopkins v. Kmart Corp.</u>, 502 S.E.2d 476, 479 (Ga. Ct. App. 1998) (affirming summary judgment for defendant where the hazard was on the floor for less than 30 minutes, including because "in the absence of evidence that a reasonable inspection would have discovered the foreign substance, no inference can arise that defendant's failure to discover the defect was the result of its failure to inspect"); <u>Coffey v. Wal-Mart Stores, Inc.</u>, 482 S.E.2d 720, 725 (Ga. Ct. App. 1997) (affirming summary judgment for defendant where the hazard was on the floor for less than 15 minutes, including because there was no "evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it").

demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." Brown, 699 S.E.2d at 443; see Higgins v. Food Lion, Inc., 561 S.E.2d 440, 442 (Ga. Ct. App. 2002) ("The evidence must establish an adherence to customary inspection and cleaning procedures on the day in question and not simply that such procedures exist"); Shepard v. Winn Dixie Stores, Inc., 527 S.E.2d 36, 38 (Ga. Ct. App. 1999). This is because "a proprietor has a duty to inspect the premises to discover possible dangerous conditions and to take reasonable precautions to protect the invitee from foreseeable dangers on the premises." Brown, 699 S.E.2d at 442. The proprietor, however, "is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous." Flanagan, 2015 WL 3472957, at *7; see Brown, 699 S.E.2d at 442 ("[I]t is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous.").

The parties agree, and the evidence shows, that Defendant had a reasonable inspection program in place. (See [50] at 7; [41] ¶ 9). All Wal-Mart employees are required to "constantly" conduct "safety sweeps," meaning they must "visually scan the area they [are] working in to ensure the floor [is] clean and clear of any hazards to customers." (DSMF ¶ 10; [53] at 71-72). The employees carry towels

in their pockets, and are required to immediately remove any hazards that they see. (DSMF ¶ 10; [53] at 71).  If the hazard cannot be removed immediately, the employees must "guard" the hazard until it can be addressed safely.  (DSMF ¶ 10). Maintenance employees also are required to sweep the floors, with a broom, "at all times" throughout the day.  (DSMF ¶ 11; [53] at 49-50, 72).  Maintenance employees are particularly active in the aisles from 11 a.m. through 8 p.m.  (DSMF ¶ 11; [53] at 49, 72).

The evidence also shows that Defendant executed this inspection program throughout the day of the accident.  ([41] ¶¶ 11-13).  Wal-Mart's Safety Team Leader testified that he followed Defendant's safety procedures during the period that Plaintiff Mary was at the store.  On December 29, 2013, from 12 p.m. through 9 p.m., he inspected Wal-Mart's "Front End where the cashiers are located, the main front aisle [where the shampoo was spilled], and the electronics department in the rear."  ([40.2] ¶ 6; DSMF ¶¶ 12-13).  He "visually inspected [these areas] for spills, debris or any foreign substance which could pose a slip, trip or fall hazard." (DSMF ¶¶ 12-13; see [40.2] ¶¶ 6-7).  In December 2013, he also "held safety training meetings for store associates on [floor safety] topics three times a week."

([40.2] ¶ 3).  Plaintiffs have not presented any contrary evidence suggesting that Defendant failed to follow its safety procedures on December 29, 2013.[4]

Plaintiffs have failed to establish that Defendant had actual or constructive knowledge of the spilled shampoo at the time of the slip-and-fall incident. Defendant is thus entitled to summary judgment on Plaintiff Mary's claim for premises liability.  See Flanagan, 2015 WL 3472957, at *3 ("To survive a motion for summary judgment, a plaintiff must come forward with evidence that, viewed in the most favorable light, would enable a rational trier of fact to find that the defendant had actual or constructive knowledge of the hazard." (quoting Brown, 679 S.E.2d at 28)).

---

[4]  Plaintiffs claim that Defendant violated its safety procedures because the shampoo display was overstocked, a "bump test" was not conducted on the display shelf, there were no Wal-Mart employees in the immediate area of the spill when Plaintiff Mary slipped, and the employees "fail[ed] to perform the required safety sweeps."  (See [50] at 3, 7-8, 10, 13).  The Court disregards these factual assertions because they were made in Plaintiffs' response brief, not in Plaintiffs' statements of material facts.  See LR 56.1(B)(1)-(2) (stating that the court will not consider any fact "set out only in the brief"); Reese, 527 F.3d at 1268 (stating that compliance with Local Rule 56.1 is the "only permissible way . . . to establish a genuine issue of material fact").  Even if the Court considered Plaintiffs' assertions, they would not create a genuine issue of material fact because they are speculative and unsupported by the evidence.  See Scott, 550 U.S. at 380 (stating that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"); Apcoa, 906 F.2d at 611 ("If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted.").

B.  Plaintiff Claude Brown's Loss of Consortium Claim

Plaintiff Claude seeks "loss of income, earning capacity, and loss of the society, companionship and consortium of his spouse brought about by personal injuries which Plaintiff Mary sustained due to Defendant's negligence."  (Compl. ¶ 23).  This claim "is a derivative one, stemming from the right of the other spouse to recover for her injuries."  Holloway v. Northside Hosp., 496 S.E.2d 510, 511 (Ga. Ct. App. 1998).  "When the other spouse cannot recover from the alleged tortfeasor as a matter of law, however, the alleged tortfeasor also is not liable for loss of consortium arising from those injuries."  Id.

Because the Court has found that Plaintiff Mary is not entitled to relief on her slip-and-fall claim, Defendant is entitled to summary judgment on Plaintiff Claude's derivative claim for loss of consortium.  See Behforouz v. Vakil, 636 S.E.2d 674, 676 (Ga. Ct. App. 2006) ("[T]he trial court properly granted summary judgment to Vakil on Behforouz's personal injury claims [arising out of a slip and fall].  Since Behforouz's husband's claim for loss of consortium is derivative of his wife's personal injury claims, the trial court properly granted summary judgment to Vakil on the loss of consortium claim as well.")

15

C.      Plaintiffs' Claim for Attorney's Fees

Plaintiffs claim "Defendants have acted in bad faith, has [sic] been

stubbornly litigious, and has [sic] caused Plaintiffs unnecessary trouble and

expense with the result that Plaintiffs are entitled to recover from Defendants all

reasonable expenses of litigation, including reasonably attorney's fees pursuant to

O.C.G.A. § 13-6-11." (Compl. ¶ 26).[5]

"Having determined that Defendant is entitled to summary judgment on

Plaintiff[s'] other claims, Defendant is also entitled to summary judgment on

Plaintiff[s'] claim for attorney's fees and costs." Jordan v. CitiMortgage, Inc., No.

1:11-cv-565, 2014 WL 695211, at *7 (N.D. Ga. Feb. 24, 2014) (citing O.C.G.A.

§ 13-6-11); see D.G. Jenkins Homes, Inc. v. Wood, 261 Ga.App. 322, 582 S.E.2d

478 (Ga. Ct. App. 2003) ("The derivative claims of attorney fees and punitive

damages will not lie in the absence of a finding of compensatory damages on an

---

[5]      O.C.G.A. § 13-6-11 provides: "The expenses of litigation generally shall
not be allowed as a part of the damages; but where the plaintiff has specially
pleaded and has made prayer therefor and where the defendant has acted in bad
faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble
and expense, the jury may allow them." O.C.G.A. § 13-6-11. "A recovery for
stubborn litigiousness or causing unnecessary trouble and expense is authorized if
no bona fide controversy or dispute existed as to the defendant's liability." King
Indus. Realty, Inc. v. Rich, 481 S.E.2d 861, 867 (Ga. App. Ct. 1997).

underlying claim.").[6]

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores East, LP's

Motion for Summary Judgment [40] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant John Doe is **DISMISSED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 27th day of January, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[6]     Plaintiffs' Complaint names John Doe as a defendant in this action. Fictitious party pleading is not permitted in federal court unless "the plaintiff's description of the [fictitious] defendant is so specific as to be at the very worst, surplusage." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation and internal quotation marks omitted).  Plaintiffs have not provided any allegations or evidence regarding the identity or actions of the John Doe defendant.  Defendant John Doe is required to be dismissed from this action.

17