IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY BROWN and CLAUDE
BROWN,

            Plaintiff,

v.

WAL-MART STORES EAST, LP,
and JOHN DOE,

            Defendants.

1:16-cv-111-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Mary Brown ("Plaintiff Mary") and Claude Brown's ("Plaintiff Claude") (together, "Plaintiffs") Motion to Vacate the Court's Order on Defendant's Motion for Summary Judgment [66] ("Motion for Reconsideration").

## I.    BACKGROUND

On the evening of December 29, 2013, Plaintiff Mary was shopping inside a Wal-Mart store ("Wal-Mart") operated by Defendant. (Defendant's Statement of Material Facts [41] ("DSMF") ¶ 1). At 6:09:52 p.m., an unknown Wal-Mart customer hit a shampoo display with her shopping cart, knocking shampoo bottles onto the floor. (DSMF ¶ 2; [42] ¶ 9; [42] at 8-10). The bottles broke and spilled

shampoo on the ground in front of the display.  (DSMF ¶ 2).  Four minutes and sixteen seconds later, at 6:14:08 p.m., Plaintiff Mary slipped and fell in the spilled shampoo.  (DSMF ¶ 4; [42] ¶ 9; [42] at 14-15).  From the time that the spill occurred through the time that Plaintiff Mary fell, there were no Wal-Mart employees in the immediate vicinity of the shampoo.  (DSMF ¶¶ 7-8; see also [40.3] ¶¶ 9-10; [42] ¶ 20).

On December 28, 2015, Plaintiffs filed their Complaint [1.2] in the State Court of Cobb County, Georgia.  Plaintiff Mary asserted a claim for premises liability, Plaintiff Claude asserted a claim for loss of consortium, and both Plaintiffs sought attorney's fees and costs under O.C.G.A § 13-6-11.  On January 13, 2016, Defendant filed its Notice of Removal [1], removing this action from state court.  On August 8, 2016, Defendant filed its Motion for Summary Judgment [40], which the Court granted on January 27, 2017.  ([64] ("January 2017 Order").  The Court found that Defendant was entitled to summary judgment because the undisputed evidence showed that Defendant lacked actual or constructive knowledge of the shampoo spill in which Plaintiff Mary slipped.  On February 24, 2017, Plaintiffs filed their Motion for Reconsideration, challenging the Court's January 2017 Order.  Plaintiffs claim that the Order was based on a

"mistake" of fact, and that Defendant engaged in discovery misconduct that warrants relief from the judgment.

## II. DISCUSSION

### A. Legal Standard

Motions for reconsideration "should be reserved for extraordinary circumstances" and are not to "be filed as a matter of routine practice." LR 7.2(E), NDGa; Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). If a motion for reconsideration is "absolutely necessary," it must be "filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." LR 7.2(E), NDGa.

Rule 60(b) of the Federal Rules of Civil Procedure provides limited circumstances in which courts may grant relief from a final judgment or order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The purpose of a Rule 60(b) motion is to allow a court to correct obvious error or injustice but it is not intended to be a substitute for appeal." United States v. Battle, 272 F. Supp. 2d 1354, 1364 (N.D. Ga. 2003). "The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). "The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." Kadylak v. Royal Caribbean Cruise, Ltd., No. 14-cv-24149, 2016 WL 7536430, at *1 (S.D. Fla. Feb. 24, 2016).

    B.    Analysis

        1.    Rule 60(b)(1):  Mistake

Plaintiffs move for reconsideration under Rule 60(b)(1), which permits relief from a final judgment where the movant shows "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) covers "mistakes of fact as well as mistakes of law." McCall v. Whisky, No. 3:13-cv-79, 2014 WL 12524655, at *1 (N.D. Ga. Apr. 10, 2014). "To prevail on the ground of mistake,

inadvertence, surprise, or excusable neglect, the party must demonstrate exceptional circumstances." Garey v. Thompson, No. 5:07-cv-322, 2010 WL 2197065, at *1 (M.D. Ga. June 1, 2010).

Plaintiffs argue that the Court's January 2017 Order is based on a "mistake" because the Court found that the shampoo, in which Plaintiff Mary slipped, was spilled approximately four minutes before the accident. Plaintiffs claim Wal-Mart's surveillance video shows the shampoo was on the floor for at least fifteen minutes before Plaintiff Mary's fall. ([66] at 5). The Court has reviewed the surveillance video. It does not show what Plaintiffs claim. It shows an unknown customer briefly examining his shoe in the same area in which Plaintiff Mary later slipped. The customer did not slip, fall, or lose his balance. No spilled substance is visible on the video. The evidence does not establish that Plaintiff Mary slipped in shampoo that was spilled fifteen minutes earlier. Plaintiffs have not shown that the Court's January 2017 Order was based on a "mistake." See United States v. Battle, 272 F. Supp. 2d 1354, 1364 (N.D. Ga. 2003) (denying a motion for reconsideration, under Rule 60(b)(1), where "there [was] no clear and obvious error that warrants reopening the judgment").

Even if evidence did show that the shampoo was spilled fifteen minutes before Plaintiff Mary's fall, Plaintiffs still are not entitled to relief. Plaintiffs, in

5

their summary judgment filings, did not dispute—and in fact assumed—that Plaintiff Mary slipped in shampoo spilled approximately four minutes earlier. ([50] at 3-4; [50.1] ¶ 4). Wal-Mart's surveillance video was part of the summary judgment record and was produced to Plaintiffs during discovery. Plaintiffs could have raised their fifteen-minute argument long before now. That they failed to do so bars relief under Rule 60(b). See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."); Kadylak v. Royal Caribbean Cruise, Ltd., No. 14-cv-24149, 2016 WL 7536430, at *1 (S.D. Fla. Feb. 24, 2016) (stating, in the context of a motion for reconsideration, that "any arguments the party failed to raise in the earlier motion will be deemed waived"). Plaintiffs have not shown they are entitled to relief under Rule 60(b)(1).

    2.    Rule 60(b)(3): Misconduct

Plaintiffs also move for reconsideration under Rule 60(b)(3), which permits relief where the movant shows "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through

fraud, misrepresentations, or other misconduct. The moving party must also demonstrate that the conduct prevented them from fully presenting his case." Waddell v. Hendry Cty. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted); see McCall v. Whisky, No. 3:13-cv-79, 2014 WL 12524655, at *1 (N.D. Ga. Apr. 10, 2014). "The failure to produce information called for by a discovery order can comprise the sort of 'misconduct' contemplated by Rule 60(b)(3)." Hirsch v. Nova Se. Univ., Inc., 289 F. App'x 364, 367 (11th Cir. 2008); see Kissinger-Campbell v. Harrell, No. 8:08-cv-568, 2009 WL 10670803, at *1 (M.D. Fla. Dec. 16, 2009) ("Misconduct may be shown by evidence that the opposing party withheld information called for by discovery or willfully committed perjury.").

Plaintiffs claim that Defendant engaged in misconduct by untimely disclosing witnesses Aleron Morton ("Morton") and Jeremy Winder-Sanders ("Sanders"), and that the affidavits submitted by Morton and Sanders thus should not have been considered on Defendant's Motion for Summary Judgment. ([66] at 10-14). Defendant disclosed Morton on June 21, 2016, and Sanders on July 1, 2016, several days before the discovery period concluded on July 12, 2016. ([67.3] ¶ 4; [25]). On June 30, 2016, Defendant asked Plaintiffs whether they wanted to depose Morton or Sanders and, if so, whether an extension to the

7

discovery period should be requested. ([67.3] ¶ 5). Plaintiffs did not express interest in the depositions or an extension, and the discovery period closed on July 12, 2016. ([66] at 3; [25]; [67.3] ¶ 6). Defendant submitted affidavits from Morton and Sanders in support of its Motion for Summary Judgment. Plaintiffs did not object to the affidavits, seek their exclusion, or argue that Morton and Sanders were untimely disclosed as witnesses.

Plaintiffs could have sought, long before the Court's January 2017 Order, to depose Morton and Sanders or to exclude their affidavits. See Fields v. Atlanta Indep. Sch. Sys., 916 F. Supp. 2d 1348, 1352 (N.D. Ga. 2013) (sustaining plaintiff's objection to an affidavit submitted in support of defendant's summary judgment motion, and declining to consider the affidavit because the witness was no disclosed during discovery); Hurst v. Sam's E., Inc., No. 4:08-cv-103, 2010 WL 234793, at *1 (M.D. Ga. Jan. 12, 2010) (granting defendant's motion to strike an affidavit submitted in support of plaintiff's summary judgment filings, because plaintiff failed to disclose the witness before the close of discovery). The timing of Defendant's disclosure of Morton and Sanders thus did not "prevent[] [Plaintiffs] from fully presenting [their] case." Waddell, 329 F.3d at 1309. Plaintiffs' failure to challenge the disclosures before now, despite multiple opportunities to do so, also precludes Plaintiffs from relief under Rule 60(b)(3). See Wilchombe,

8

555 F.3d at 957 ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Plaintiffs have not established "extraordinary circumstances" warranting relief under Rule 60, and their Motion for Reconsideration is denied. Adler, 202 F.R.D. at 675.[1]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Vacate the Court's Order on Defendant's Motion for Summary Judgment [66] is **DENIED**.

**SO ORDERED** this 22nd day of August, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiffs claim Defendant engaged in misrepresentations, Plaintiffs have not identified specific statements that are clearly false and that warrant relief under Rule 60(b)(3). (See, e.g., [66] at 10, 14-15; [68] at 3-5, 8-11).

9